UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

------------------------------------------------------

NICOLE MALKEMES,

      Plaintiff,

  v.

ALLERGAN, INC., f/k/a INAMED
CORPORATION, f/k/a MCGHAN
MEDICAL CORPORATION,
ALLERGAN USA, INC., and
ALLERGAN PLC.,

      Defendants.

------------------------------------------------------

Case No.:

[Removal from the County Court of 10th Judicial Circuit in and for Polk County, Florida, Case No. 2022-ca-002750]

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Allergan USA, Inc., and Allergan, Inc., f/k/a Inamed Corporation, f/k/a McGhan Medical Corporation (collectively, "Allergan") hereby remove this action captioned, *Nicole Malkemes v. Allergan USA, Inc., et al.* from the Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida, to the United States District Court for the Middle District of Florida. Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs. In support of removal, Allergan further states:

    **I.**    **PROCEDURAL BACKGROUND AND RELEVANT FACTS**

    1.    On August 9, 2022, a civil action was commenced by Plaintiff

1

Nicole Malkemes in the Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida by the filing of a complaint captioned, *Nicole Malkemes v. Allergan USA, Inc., et al.*, Case No. 2022ca002750.

2. This product liability action involves allegations that Allergan researched, developed, manufactured, designed, and sold Biocell Textured Breast Implants that were implanted into Plaintiff and caused her injuries.

3. A federal multidistrict litigation with similar allegations involving Allergan's textured breast implants is pending in the United States District Court for the District of New Jersey, Case No. 2:19-md-2921, before the Honorable Brian R. Martinotti ("MDL 2921"). Allergan intends to immediately file a Notice of Tag-Along of this action in accordance with the procedural rules of the Judicial Panel on Multidistrict Litigation. This case will then be conditionally transferred to MDL 2921.

## II. NOTICE OF REMOVAL IS TIMELY

4. To Allergan's knowledge, none of the Defendants have been served. Because Allergan has not been served with the Complaint, this Notice of Removal is not untimely.

5. Allergan timely removes this action less than one year after this action commenced. *See* 28 U.S.C. § 1446(c)(1).

6. Therefore, this Notice of Removal is timely.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because complete diversity of citizenship exists between the properly joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8. The United States District Court for the Middle District of Florida comprises the county in which this matter is now pending (County Court of 10th Judicial Circuit in and for Polk County, Florida) and thus, pursuant to 28 U.S.C. § 112, venue is proper.

9. To Allergan's knowledge, none of the Defendants have been served. Allergan therefore does not need the consent of the remaining Defendant to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

### a. There is Complete Diversity of Citizenship

10. There is complete diversity of citizenship between Plaintiff and Defendants. Indeed, Plaintiff concedes that "[f]ederal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, because Plaintiff is a resident of Florida, and Defendants are diverse foreign entities." Compl., at ¶ 7.

11. Plaintiff is a citizen and resident of Florida. *Id.* at ¶ 1.

12. Plaintiff alleges that Allergan, Inc. is incorporated in Delaware and has its principle place of business in New Jersey. *Id.* at ¶ 3. While

3

Allergan, Inc. is incorporated in Delaware, its principle place of business is actually in Illinois. Thus it is a citizen of Delaware and Illinois. In any event, Plaintiff does not allege that Allergan, Inc. is a citizen of Florida.

13. Plaintiff alleges that Allergan USA, Inc. is incorporated in Delaware and has its principle place of business in New Jersey. *Id.* at ¶ 4. While Allergan USA, Inc. is incorporated in Delaware, its principle place of business is actually in Illinois. Thus it is a citizen of Delaware and Illinois. In any event, Plaintiff does not allege that Allergan USA, Inc. is a citizen of Florida.

14. Plaintiff alleges that Allergan plc is a foreign corporation based in Ireland. *Id.* at ¶ 5. Thus, it is a subject of a foreign state. In any event, Plaintiff does not allege that Allergan plc is a citizen of Florida.

15. Therefore, Plaintiff does not allege that any of the Defendants are citizens of Florida.

16. As such, there is complete diversity of citizenship between Plaintiff and Defendants.

### b. The Amount in Controversy Requirement is Satisfied

17. It is apparent on the face of the Complaint that Plaintiff seeks recovery of an amount in controversy in excess of $75,000, exclusive of costs and interest. Indeed, Plaintiff admits that "the amount in controversy,

exclusive of interest and costs, exceeds the sum or value of $75,000.00." *Id.* at ¶ 7.

18. Plaintiff contends that on June 22, 2018, she was implanted with Allergan's Biocell textured breast implants. *Id.* at ¶ 28.

19. She alleges that on August 11, 2018, she experienced "swelling to her left breast with fever, and shortness of breath (SOB), and was diagnosed with Cellulitis of the left breast, fever, S/P Breast Augmentation." *Id.* at ¶ 29.

20. Plaintiff avers that three days later, her left breast implant was removed and she received a new implant. *Id.* at ¶ 31. She contends that on September 5, 2018, she experienced "swelling and pain of the left breast." *Id.* at ¶ 32. Plaintiff asserts that at that time, she also "developed new onset respiratory symptoms (Asthma), and new onset skin conditions (Eczema), which she never suffered from previously." *Id.* at ¶ 33. She alleges that she continued to experience Asthma and Eczema throughout 2019. *Id.* at ¶ 34.

21. Plaintiff also asserts that in February 2019, she was forced to quit her job as an ER nurse because she was often too sick to work. *Id.* at ¶ 34.

22. Plaintiff avers that in July 2020, she "developed new onset double vision and migraine headaches," and had a CT scan of her right breast, which revealed that the implant had ruptured. *Id.* at ¶ 35. Thereafter, she was hospitalized with "severe shortness of breath and difficulty breathing, and placed on Bilevel positive airway pressure (BiPAP), which is a non-invasive

5

positive pressure ventilator, used when a person is still able to breathe on their own, but needs breathing support, and is administered through a face mask, nasal mask, or helmet." *Id.* at ¶ 36.  Plaintiff alleges that two weeks later she experienced "tunnel vision, weakness, HTN, drooling, and a severe headache." *Id.* at ¶ 37.  Plaintiff contends that in September 2020, she "collapsed while working" and was "repeatedly losing her balance, experiencing severe brain fog and memory loss, and suffering with nerve pain, which caused repeated sensations of jolts of lightening up her back." *Id.* at ¶ 38.  Plaintiff avers that thereafter, both of her implants were removed, leaving her with "lumpy, hard, disfigured breasts." *Id.* at ¶ 39.

23. Plaintiff further alleges that she was "admitted into the ICU from November 7, 2020, until the day before Thanksgiving 2020, suffering from low oxygen saturation and severe SOB, repeated sensations of lightning strikes/nerve pain up her back, difficulty swallowing, severe chest pain, weakness to her right side, with her right foot contracting (curling up), and her right hand temporarily freezing up.  [Plaintiff] was repeatedly dropping objects, falling, extremely emotional, and suffering from slurred speech.  [Plaintiff] was also suffering from rashes on her chest and face, with severe burning pruritus, hair loss, and severe pain from head to toes throughout her entire body." *Id.* at ¶ 41.

24. Plaintiff contends that she currently "suffers from vision loss, and blurry vision, with inflamed optic nerves, headaches, memory loss, rashes/itchy all over her body, SOB (and still uses an Incentive Spirometer daily), vertigo/loss of balance, stomach pain/diarrhea, 'lighting strikes up my back,' fatigue, and near-constant breast pain." *Id.* at ¶ 42.

25. A removing defendant need only show "a reasonable probability that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermar helk Properties Meriden Square. Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994) (internal quotation and citation omitted). Remand is inappropriate unless it is clear to a legal certainty that the jurisdictional amount could not be recovered. *PRN Pharm., Inc. v. Managed Prescription Network, Inc.*, 933 F. Supp. 234, 235 (W.D.N.Y. 1996). Given the nature and extent of Plaintiff's allegations, it is clear she seeks more than $75,000. *See, e.g.*, *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372 (M.D. Fla. 2009) (finding the amount in controversy clearly met in case where plaintiff alleged injuries resulting from defective hip prosthesis); *Wilssens v. Medtronic, Inc.*, No. 09-60792-CIV, 2009 WL 9151079, at *9 (S.D. Fla. July 23, 2009) (plaintiff alleged further hospitalization after implantation of medical device); *Bolin v. SmithKline Beecham Corp.*, No. 08-60523-CIV, 2008 WL 3286973, at *3 (S.D. Fla. Aug. 7, 2008) (plaintiff alleged respiratory damages from prescription-medicine use).

26. Based on these allegations, including Plaintiff's own admission that the amount in controversy exceeds $75,000, it is "facially apparent" that Plaintiff seeks an amount in controversy in excess of $75,000. Accordingly, the amount in controversy in this case exceeds this Court's jurisdictional minimum pursuant to 28 U.S.C. § 1332(a).

### IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

27. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached to this Notice of Removal.

28. Allergan will file a copy of this Notice of Removal with the Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Allergan, pursuant to 28 U.S.C. § 1441, respectfully moves this action from the Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida, to the United States District Court for the Middle District of Florida.

Dated: September 2, 2022        REED SMITH, LLP

/s/ Edward M. Mullins

Edward M. Mullins (FBN 863920)
emullins@reedsmith.com
200 South Biscayne Blvd., Ste. 2600
Miami, Florida 33131

8

>Telephone: +1 786 747 0200
>Facsimile: +1 786 747 0299
>
>*Attorneys for Defendants Allergan USA, Inc., and Allergan, Inc., f/k/a Inamed Corporation, f/k/a McGhan Medical Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2022 a true and correct copy of this Notice of Removal was electronically served upon counsel of record and by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

>Jennifer Ford, Esq.
>Jennifer Ford Law, PLLC
>1 East Broward Blvd., Suite 700
>Fort Lauderdale, Florida 33301

>*/s/ Edward M. Mullins*
>Edward M. Mullins, Esq.